UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT E. THOMPSON**                    **CIVIL ACTION**

**VERSUS**                                **NUMBER 09-1002-JJB-DLD**

**CENAC TOWING COMPANY, LLC**

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand, which is opposed (rec. docs. 5, 6, and 7). Defendant removed this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging both federal question and diversity subject matter jurisdiction. See 28 U.S.C. §§1331 and 1332. The issue before the court is whether plaintiff's state court petition presents a federal civil rights claim under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and/or 42 U.S.C. §1981, thereby making the state court suit removable on the basis of federal question jurisdiction.

### Background

Plaintiff Robert E. Thompson is an African-American seaman who was employed by defendant Cenac Towing Co., LLC as a tankerman aboard the M/V Norman Proehl at the time of the incident which gave rise to this action (rec. doc. 1). Plaintiff alleges that on October 15, 2008, while working aboard the M/V Norman Proehl, several of the Caucasian members of the crew hung a noose in the ship's wheelhouse in an effort to threaten and intimidate him. Id. Plaintiff informed the Caucasian captain of the ship that he found the noose threatening and requested that it be removed, but the captain refused to remove the noose. Id.

On October 20, 2009, plaintiff brought suit against defendant for the damages he sustained as a result of the noose incident, including severe emotional distress, loss of past and future earnings and earning capacity, and pharmaceutical and medical expenses. Id. Plaintiff alleges that defendant, through the actions of its agents and employees and/or captain, "negligently inflicted emotional distress," "intentionally inflicted emotional distress," "racially discriminated against plaintiff," "created a hostile work environment based on plaintiff's race," "engaged in racial harassment," and "constructively discharged plaintiff's employment because of his race." Id. at ¶¶4-9. Finally, plaintiff alleges that on the date of the incident, the M/V Norman Proehl was unseaworthy.

On November 25, 2009, defendant removed this matter based on diversity and federal question jurisdiction (rec. doc. 1). Plaintiff immediately filed a motion to remand, which has been referred to the undersigned for a report and recommendation (rec. doc. 5). Defendant opposed plaintiff's motion to remand and filed a motion to dismiss under Fed. Rules Civ. P. 12(b)(6) and 41, which touches on the issues raised in the motion to remand (rec. docs. 6 and 12). The court will consider the arguments raised in the motion to dismiss to the extent they relate to the issue of whether the court has subject matter jurisdiction over this action. The court must first determine whether it has subject matter jurisdiction over this action before it can consider the merits of defendant's motion to dismiss.

**Arguments of the Parties**

Plaintiff argues that this matter should be remanded because defendant has failed to meet its burden of proving that the requirements of either diversity or federal question jurisdiction are satisfied (rec. docs. 5 and 7). With respect to diversity jurisdiction, plaintiff argues that 28 U.S.C. §1441(b) bars removal based on diversity jurisdiction by a Louisiana

defendant, like defendant Cenac Towing, when the suit has been filed in Louisiana (rec. doc. 5).  With respect to federal question jurisdiction, plaintiff argues that his petition does not allege a federal cause of action under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, or 42 U.S.C. §1981; therefore, there is no basis for removal jurisdiction. Plaintiff contends that all of his claims, including his claims for racial discrimination and harassment, are brought under the Jones Act and are not removable to federal court.  Plaintiff argues that he has properly alleged a Jones Act and unseaworthiness claim.

Defendant responds by arguing that plaintiff has failed to state a claim under the Jones Act; therefore, there is no bar to removal based on federal question jurisdiction. Defendant argues that the allegations in plaintiff's petition, specifically the allegations of discrimination and harassment, state cognizable claims under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and/or 42 U.S.C. §1981, which support removal based on federal question jurisdiction. Defendant abandons its argument for removal based on diversity jurisdiction (rec. doc. 6).  Defendant seeks dismissal of plaintiff's alleged Jones Act and unseaworthiness claims pursuant to Rule 12(b)(6) based on plaintiff's failure to state a claim.  Defendant seeks a Rule 41 dismissal (stipulation of voluntary dismissal) without prejudice of plaintiff's non-Jones Act claims (discrimination and harassment) based on plaintiff's representations that he does not intend to pursue a federal claim  (rec. docs. 1, 6, and 12).

**Discussion**

Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Federal subject matter jurisdiction can be established

through diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §§1331 and 1332. Defendant waived its argument with respect to diversity jurisdiction; therefore, the only issue before the court is whether federal question jurisdiction exists based on the face of plaintiff's petition.[1]

A defendant may remove "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." See 28 U.S.C. §1441(b).  The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008).  A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of plaintiff's "well-pleaded complaint" as of the time of removal.  *See,e.g.,Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

Plaintiff is the master of his complaint.  *Id.*  Accordingly, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed exclusively under state law.  *Avitts,* 53 F.3d at 693.

---

[1] Plaintiff correctly points out in his motion to remand and supporting memorandum that removal is not allowed when suit is brought against a defendant who is a citizen of the State in which the action is brought, as is the case with Louisiana defendant Cenac Towing Company, LLC (rec. doc. 5). See 28 U.S.C. §1441(b).  Although the citizenship of Cenac Towing Company, LLC is not properly alleged in the petition or the notice of removal, public records indicate that Cenac Towing Company, LLC is a Louisiana limited liability company with at least one member residing in Louisiana.  Thus, there is no basis for removal based on diversity jurisdiction.

Plaintiff's petition alleges that he is an African-American seaman and that he suffered emotional injuries as a result of defendant's conduct (rec. doc. 1). Generally, state court actions by seamen for personal injuries based on the Jones Act are not removable. See 46 U.S.C. §30104; *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441 (5th Cir. 2006), citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995).  A fraudulently plead Jones Act claim does not bar removal.  Id.  The defendant has the burden of proving that the Jones Act claim was fraudulently plead to prevent removal. Id.  The Fifth Circuit has held that "[t]he court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no possibility of establishing a Jones Act claim on the merits." Id., citing *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345-346 (5th Cir. 1999).

Defendant essentially argues that plaintiff "fraudulently plead" a Jones Act claim in an effort to preclude removal and that plaintiff's claims actually arise under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and/or 42 U.S.C. §1981.  Assuming without deciding that plaintiff has *not* properly plead facts to support a claim under the Jones Act and that there is no bar to removal, defendant still must prove that a federal question exists based on the face of plaintiff's petition.  Defendant acknowledges that the absence of a Jones Act claim does not create federal question jurisdiction (rec. doc. 6, p. 10).

Defendant removed this matter alleging that plaintiff's petition contains a federal cause of action arising under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and/or 42 U.S.C. §1981 (rec. doc. 1). Plaintiff's petition contains allegations that defendant negligently and intentionally "inflicted emotion distress on plaintiff," "racially discriminated against plaintiff," "created a hostile work environment based on plaintiff's race," engaged

in racial harassment," and "constructively discharged plaintiff's employment because of his race" (rec. doc. 1, ¶¶4-9). Plaintiff's petition does not contain a reference to a federal statute, including 42 U.S.C. §2000e *et seq.* or 42 U.S.C. §1981, and does not indicate that plaintiff intends to proceed under federal law.  Defendant fails to explain which facts alleged in the petition support its conclusion that plaintiff has alleged a violation of Title VII of the Civil Rights Act and/or 42 U.S.C. §1981.  In fact, both federal law and Louisiana law allow for recovery of plaintiff's claims. Specifically, Louisiana law recognizes a cause of action for intentional infliction of emotional distress (*White v. Monsanto Co.,* 585 So.2d 1205, 1209 (La. 1991); negligent infliction of emotional distress (*Moresi v. State Through Dep't of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La. 1990); and discrimination and harassment based on race (La. R.S. 23:303 and La. R.S. 23:332).  Thus, as plaintiff notes, even if plaintiff failed to state a claim under the Jones Act, plaintiff's allegations do not automatically constitute federal claims, as plaintiff could proceed under state law. Thus, defendant has not met its burden of proving federal question jurisdiction.

Additionally, plaintiff states that he recognizes that federal law supports a claim for discrimination and harassment based on race, but that he chose not to file a complaint with the Equal Employment Opportunity Commission (which is a prerequisite to brining a claim under Title VII) and to proceed under the Jones Act.  Whether or not the facts alleged in the petition support a claim under the Jones Act is an issue separate from whether the facts allege a federal claim under Title VI or 42 U.S.C. §1981 subject to removal, and is one that can be resolved by the state court.  Because the petition does not contain a claim "arising under" federal law, removal based on federal question jurisdiction is not proper and this matter should be remanded.

**Conclusion**

Plaintiff contends that his claims, including those for discrimination and harassment, arise under the Jones Act, and Jones Act claims are not removable to federal court. Even assuming plaintiff failed to state a claim under the Jones Act, as argued by defendant, defendant failed to establish federal question jurisdiction based on the allegations in plaintiff's petition. Thus, plaintiff is entitled to remand.

Accordingly,

**IT IS RECOMMENDED** that this court does not have subject matter jurisdiction over this matter and that the motion to remand (rec. doc. 5) should be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on April 7, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT E. THOMPSON**  CIVIL ACTION

**VERSUS**  NUMBER 09-1002-JJB-DLD

**CENAC TOWING COMPANY, LLC**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 7, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**